**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                                        **Plaintiff,**

          **vs.**                                                    **6:17-cv-726**
                                                                      **(MAD/ATB)**

**KELLI TOPOLSKI,**

                                        **Defendant.**


_____

**APPEARANCES:**                              **OF COUNSEL:**

**OVERTON, RUSSELL LAW FIRM**                 **LINDA L. DONOVAN, ESQ.**
19 Halfmoon Executive Park Drive
Clifton Park, New York 12065
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

### DECISION AND ORDER

On July 5, 2017, the United States of America ("Plaintiff") commenced this action

alleging that Defendant defaulted on a promissory note.  *See* Dkt. No. 1.  On August 16, 2017,

Plaintiff requested the entry of default, which the Clerk of the Court granted on August 17, 2017.

That same day, Plaintiff submitted a motion for entry of default judgment.  *See* Dkt. No. 9.  Once

again, the Court is required to deny such a motion by Plaintiff's counsel and direct counsel's

attention to the multitude of learning opportunities the Court has provided in the past regarding

the requirements for succeeding on a motion for default judgment.  The Court will not repeat

those requirements here and directs counsel's attention to any of the following Orders.  *See, e.g.*,

*United States v. Labarge*, No. 8:15-cv-1330, 2016 WL 3926412 (N.D.N.Y. July 18, 2016); *United*

*States v. Marshall*, No. 3:15-cv-1188, 2016 WL 3926318 (N.D.N.Y. July 18, 2016); *United States*

*v. Marotta*, No. 6:12-cv-325, 2012 WL 2752927 (N.D.N.Y. July 9, 2012); *United States v.*

*Bielinski*, No. 1:12-cv-161, 2012 WL 1802303 (N.D.N.Y. May 17, 2012); *United States v. Lavada*, No. 6:11-cv-1491, 2012 WL 1833457 (N.D.N.Y. Dec. 5, 2012); *United States v. Mills*, No. 1:12-cv-345, 2013 WL 3930472 (N.D.N.Y. July 30, 2013); *United States v. Hughes*, No. 1:14-cv-719, 2015 WL 729735 (N.D.N.Y. Feb. 19, 2015); *United States v. Jaquish*, No. 6:12-cv-309, 2013 WL 587499 (N.D.N.Y. Feb. 13, 2013); *United States v. Narrie*, No. 5:12-cv-10, 2012 WL 1833398 (N.D.N.Y. May 18, 2012); *United States v. Lott*, No. 5:12-cv-8, 2012 WL 4513768 (N.D.N.Y. Oct. 1, 2012); *United States v. McClary*, No. 6:12-cv-80, 2013 WL 587498 (N.D.N.Y. Feb. 13, 2013); *United States v. Cook*, No. 5:12-cv-323, 2013 WL 3930523 (N.D.N.Y. July 30, 2013); *United States v. Towne*, No. 7:14-cv-940, 2015 WL 5725099 (N.D.N.Y. Sept. 29, 2015); *United States v. Fresn*, No. 8:14-cv-903, 2015 WL 5725106 (N.D.N.Y. Sept. 29, 2015).

Indeed, the Court was hardpressed to find any loan default cases where Plaintiff's counsel's first motion for default judgment was granted in its entirety. *See United States v. Beam*, No. 6:12-cv-87, 2012 WL 1802316 (N.D.N.Y. May 17, 2012). In nearly every case, counsel was required to refile the motion after receiving detailed instructions by the Court.

This is the final time that the Court will spend any effort in attempting to instruct counsel on the requirements for a motion for default judgment because it is clear that its efforts are falling on deaf ears. Counsel's repeated failures have caused the Court to waste inordinate amounts of time. Counsel is warned that any future instances of this indefensible neglect may result in sanctions, including, but not limited to, the dismissal of the case.

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **DENIED without prejudice**; and the Court further

**ORDERS** that Plaintiff shall refile its motion for default judgment within **THIRTY (30)**

**DAYS** of the filing date of this Decision and Order; and the Court further

**ORDERS** that, if Plaintiff fails to move for default judgment within thirty (30) days of the

filing date of this Decision and Order, the Clerk of the Court shall dismiss this case without

further order of the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 5, 2017
     Albany, New York

Mae A. D'Agostino
U.S. District Judge