**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                **Plaintiff,**

    vs.                                        **6:17-cv-726**
                                                  **(MAD/ATB)**

**KELLI TOPOLSKI,**

                                **Defendant.**

_____

**APPEARANCES:**                         **OF COUNSEL:**

**OVERTON, RUSSELL, DOERR &**      **LINDA L. DONOVAN, ESQ.**
**DONOVAN**
19 Executive Park Drive
Clifton Park, New York 12065
Attorney for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

### DECISION AND ORDER

### I. BACKGROUND

On July 5, 2017, the United States brought this action against Defendant Kelli Topolski, alleging that Defendant failed to repay student loans. *See* Dkt. No. 1 at 1.[1] Currently before the Court is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(1). *See* Dkt. No. 12 at 3.

The debt in question arises out of a student loan promissory note signed on October 2, 2008, where Defendant

---

[1] The cited page numbers for docket entries in this Decision and Order refer to those assigned by the Court's electronic filing system ("ECF").

> promises to pay the U.S. Department of Education all sums . . .
> disbursed under the terms of this Promissory Note to discharge
> prior loan obligations, plus interest, and other fees that may become
> due as provided in this note. If [Defendant] fails to make payments
> on this note when due, [Defendant] will also pay collection costs
> including but not limited to attorney's fees and court costs.

Dkt. No. 1-1 at 1. The promissory note secured a loan of $18,548.01, which was disbursed on November 3, 2008, at an interest rate of 5% per annum. *See* Dkt. No. 12 at 9. On August 4, 2010, Defendant defaulted on the loan. *See id.* The Department of Education credited $640.37 in payments from all sources to Defendant's account and, "[p]ursuant to 34 C.F.R. § 685.202(b), a total of $222.27 in unpaid interest was capitalized and added to the principal balance." *Id.* As of December 20, 2017, Defendant owed $18,712.97 in principal and $7,734.07 in interest, for a total debt of $26,447.04, with interest accruing on the principal at a rate of $2.56 per day. *See id.*

On July 25, 2017, Defendant was served with the summons and complaint. *See id.* at 7. Defendant did not appear or otherwise defend against the claim. *See id.* On August 17, 2017, the Clerk of the Court determined that Defendant was properly served and issued a certificate of default against Defendant. *See* Dkt. No. 8. Plaintiff's counsel provided a sworn affidavit that Defendant is "not an infant or incompetent person and is not in the military service within the purview of the Soldier's and Sailor's Civil Relief Act of 1940 as amended." Dkt. No. 12 at 7.

## II. DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Carpineta*, No. 3:14-CV-0517, 2015 WL 500815, *1 (N.D.N.Y. Feb. 5, 2015) (quotation omitted). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); Fed. R. Civ. P. 55(a). "Second, under Fed. R. Civ. P. 55(b)(1), '[u]pon request of the plaintiff, a default judgment may be entered by the

clerk when (1) the plaintiff's claim against the defendant is for a sum certain, (2) the plaintiff has submitted an affidavit of the amount due, and (3) the defendant has been defaulted for failure to appear.'" *Id.*

When entry by the clerk is inappropriate, "'pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the court must ensure that

3

there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

In order to establish its entitlement to the damages claimed, a plaintiff must submit specific documentary evidence sufficient to "ascertain the amount of damages with reasonable certainty." *United States v. Linn*, No. 10-CV-5289, 2011 WL 2848208, *2 (E.D.N.Y. July 14, 2011) (citation omitted). Courts have found an award of damages appropriate even when "relying solely on Certificates of Indebtedness." *United States v. Zdenek*, No. 10-CV-566, 2011 WL 6754100, *2 (E.D.N.Y. Dec. 22, 2011) (collecting cases).

In the present matter, Plaintiff has established through its filings and attached exhibits that it is entitled to judgment in its favor. As stated in a Certificate of Indebtedness from the United States Department of Education in support of the damages claimed and signed under penalty of perjury by Loan Analyst Brad Yoder, Defendant defaulted on her obligations under the promissory note and a demand for payment of the indebtedness was made. *See* Dkt. No. 12 at 9. Additionally, by failing to answer Plaintiff's complaint or respond to this motion, Defendant "has effectively conceded" she is subject to the terms of the promissory note, and is liable for monies owed. *See United States v. Beam*, No. 12-CV-0098, 2012 WL 1802316, *2 (N.D.N.Y. May 17, 2012). Finally, Plaintiff has complied with the requirements set forth in Local Rule 55.2(b) to the extent required for the Court to grant Plaintiff's motion as to liability.

As to damages, Plaintiff's attached Certificate of Indebtedness is sufficient to establish damages owed. *Zdenek*, 2011 WL 6754100, at *2. The Certificate of Indebtedness states that Defendant received $18,548.01 in loans on November 3, 2008, at an interest rate of 5% per annum. *See* Dkt. No. 12 at 9. As of December 20, 2017, Defendant owed $18,712.97 in principal and $7,734.07 in interest, with additional interest accruing at a rate of $2.56 per day. *See id.* An

additional $401.92 has accrued between the date the Certificate of Indebtedness was issued and the date of this decision.

Pursuant to 28 U.S.C. § 1961(a), Plaintiff is also entitled to post-judgment interest. The rate of such interest "shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calender week preceding the date of judgment." 28 U.S.C. § 1961(a) (internal footnote omitted).

Finally, Plaintiff asserts that it is entitled to recover from Defendant $25.00 in process server and travel fees for serving Defendant with the summons and complaint, pursuant to 28 U.S.C. § 1921.[2] *See* Dkt. No. 12 at 4. Local Rule 54.1 mandates, however, that "[t]he party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs that it seeks." Local Rules N.D.N.Y. 54.1(a). Plaintiff has submitted an affidavit of service, indicating that the service actually took place, but has failed to submit any form of receipt proving the costs of such service. *See* Dkt. No. 12 at 7. As such, Plaintiff is not entitled to recover on this claim. *See Zdenek*, 2011 WL 6754100, at *2 (citation omitted).

### III. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for entry of default judgment is **GRANTED**; and the Court further

---

[2] 28 U.S.C. § 1921 states that "[t]he United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for . . . [s]erving a writ of possession, partition, execution, attachment in rem, or libel in admiralty, warrant, attachment, summons, complaints, or any other writs, orders or process in any case or proceeding." 28 U.S.C. § 1921(a)(1)(A).

**ORDERS** that damages are awarded in the following amount

(1) unpaid principle and prejudgment interest of $26,864.32;[3]

(2) post judgment interest accruing at the statutory rates as discussed above;

and the Court further

**ORDERS** that Plaintiff's request for costs is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case.

**IT IS SO ORDERED.**

Dated: May 31, 2018
    Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[3] This amount is based on the sum of the $26,447.04 owed on December 20, 2017, and the $417.28 that accrued at $2.56 per day over the 163 days between December 20, 2017, and the date of this Decision and Order. *See* Dkt. No. 12 at 9.